# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re: Peter J. Rojas                                    Case No: 15-14191-JKO
       and                                           Chapter 13
    Lujza M. Marquez Rojas

_____Debtors_____/

## MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
## ON REAL PROPERTY

## IMPORTANT NOTICE TO CREDITORS:
## THIS IS A MOTION TO VALUE YOUR COLLATERAL

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1.    Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of <u>Banco Popular</u> (the "Lender").  Lender holds a mortgage recorded on <u>08/22/2006</u> at OR Book <u>42634</u> Page <u>1431</u> in the official records of <u>Broward</u> County, Florida.

2.    The real property is located at <u>2601 SW 192th Avenue, Miramar FL 33029-2462</u>, and is more particularly described as follows: <u>SUNSET LAKES PLAT TWO 166-24 B LOT G83</u>.

3.    At the time of the filing of this case, the value of the real property is $ 314,140.00 as determined by Broward County Appraisal (herein Attached as Exhibit "A").

4.    Select Portfolio Servicing hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $ 435,301.00.

5.    *(Select only one):*

　X　  Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

＿＿  Lender's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ ＿＿＿ remaining in the real property.  Accordingly, the value of Lender's secured interest in the real property is $ ＿＿＿ and the value of the Lender's unsecured, deficiency claim is $ ＿＿＿.

6.    The undersigned reviewed the docket and claims register and states (select only one):

　X　  Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

＿＿  Lender filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.    The subject real property may not be sold or refinanced without proper notice and further order of the court.

　　　**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.    In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.    The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

<u>/s/ Robert Sanchez</u>
Robert Sanchez, Esq.
Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161

2601 SW 190 AVENUE                                                                                    Page 1 of 2



| Site Address | 2601 SW 190 AVENUE, MIRAMAR | | ID # | 5139 25 05 0830 |
|---|---|---|---|---|
| Property Owner | MARQUEZ-ROJAS,LUJZA M<br>ROJAS,PETER J | | Millage | 2713 |
| Mailing Address | 2601 SW 190 AVE MIRAMAR FL 33029 | | Use | 01 |

| Abbreviated Legal Description | SUNSET LAKES PLAT TWO 166-24 B LOT G83 |
|---|---|

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

| Property Assessment Values | | | | | |
|---|---|---|---|---|---|
| Click here to see 2014 Exemptions and Taxable Values as reflected on the Nov. 1, 2014 tax bill. | | | | | |
| Year | Land | Building | Just / Market Value | Assessed / SOH Value | Tax |
| 2015 | $85,560 | $228,580 | $314,140 | $282,000 | |
| 2014 | $85,560 | $228,580 | $314,140 | $279,770 | $5,411.53 |
| 2013 | $85,560 | $190,080 | $275,640 | $275,640 | $5,261.82 |

**IMPORTANT:** The 2015 values currently shown are "roll over" values from 2014. These numbers will change frequently online as we make various adjustments until they are finalized on June 1. Please check back here AFTER June 1, 2015, to see the actual proposed 2015 assessments and portability values.

| 2015 Exemptions and Taxable Values by Taxing Authority | | | | |
|---|---|---|---|---|
| | County | School Board | Municipal | Independent |
| Just Value | $314,140 | $314,140 | $314,140 | $314,140 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH 07 | $282,000 | $282,000 | $282,000 | $282,000 |
| Homestead 100% | $25,000 | $25,000 | $25,000 | $25,000 |
| Add. Homestead | $25,000 | 0 | $25,000 | $25,000 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $232,000 | $257,000 | $232,000 | $232,000 |

| Sales History | | | |
|---|---|---|---|
| Date | Type | Price | Book/Page or CIN |
| 3/27/2006 | WD | $545,000 | 41718 / 753 |
| 11/21/2001 | SWD | $248,200 | 32699 / 1292 |
| 11/10/1999 | SW* | $1,964,300 | 30033 / 1008 |
| | | | |
| | | | |

* Denotes Multi-Parcel Sale (See Deed)

| Land Calculations | | |
|---|---|---|
| Price | Factor | Type |
| $9.00 | 9,500 | SF |
| $0.51 | 109 | SF |
| | | |
| Adj. Bldg. S.F. (See Sketch) | | 2619 |
| Units | | 1 |

| Special Assessments | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |

Exhibit "A"

2601 SW 190 AVENUE

| 27 | | | 5l | | | MM | | |
|----|----|----|-----|----|----|----|----|----|
| R | | | 5l | | | | | |
| 1 | | | .22 | | | 1 | | |