UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

                                            CASE NO.: 15-14191-JKO
                                            Chapter: 13

PETER J. ROJAS a/k/a PETER ROJAS a/k/a
PETER JULIO ROJAS a/k/a PETER JULIO
ROJAS, a/k/a PETER J. JULIO, et. al.,

      Debtor.
_____/

**PALM AVENUE HIALEAH, LLC'S OBJECTION TO DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY (DOC. 21)**

      Secured Creditor, PALM AVENUE HIALEAH, LLC ("PALM AVENUE"), by and through its undersigned counsel and pursuant to Bankruptcy Rules 3015(f) and 9014, hereby serves its Objection to Debtors', PETER J. ROJAS and LUJZA M. MARQUEZ-ROJAS (hereinafter collectively referred to as "DEBTORS") Motion to Value and Determine Secured Status of Lien on Real Property (D.E. 21) (the "Motion"), and states:

      1.      On July 26, 2006, Debtor, PETER J. ROJAS ("MR. ROJAS"), executed and delivered to Banco Popular North America a Popular Home Equity Line of Credit in the principal amount of one hundred thousand and 00/100 dollars ($100,000.00) ("Note").

      2.      As security for the Note, Debtors, MR. ROJAS and LUJZA M. MARQUEZ-ROJAS ("MRS. ROJAS"), executed and delivered to Banco Popular North America a Mortgage dated July 26, 2006, and which was recorded in Official Records Book 42634, Page 1431, of the Public Records of Broward County, Florida, on August 22, 2006 ("Mortgage").

3. The Mortgage secured the Note via a second mortgage lien against certain real property owned by DEBTORS located at 2601 SW 190th Avenue, Miramar, FL 33029 ("Property").

4. Banco Popular North America assigned all its rights, interest, and claims in and to the Note and Mortgage to BLB via an Assignment of Mortgage, which was recorded in Official Records Book 50522, Page 624, of the Public Records of Broward County, Florida, on February 3, 2014.

5. BLB assigned all its rights, interest, and claims in and to the Note and Mortgage to PALM AVENUE via an Assignment of Mortgage, which was recorded as Instrument #113041810, of the Public Records of Broward County, Florida, on June 10, 2015

6. PALM AVENUE filed its Proof of Claim (C.R. 2) on June 29, 2015.

7. PALM AVENUE has a claim in the amount of $152,277.26, which is secured by the Mortgage.

8. DEBTORS' Motion seeks to value the Property at $314,140.00 as determined by the Broward County Appraiser's Office, and reduce the secured portion of PALM AVENUE'S Claim accordingly.

9. According to PALM AVENUE'S appraisal of the Property, a true and correct copy of which is attached hereto as Exhibit "A," the fair market value of the property as of the date of the filing of the petition was $405,000.00.

10. Therefore, PALM AVENUE object's to DEBTORS' valuation of the property.

### I. A hearing on the Motion is Premature

11.  DEBTORS state that Creditor, SELECT PORTFOLIO HOLDING ("SELECT PORTFOLIO"), holds a lien, superior to that of PALM AVENUE, in the amount of $435,301.00.

12.  However, SELECT PORTFOLIO has not yet filed a Proof of Claim in this case indicating whether or not it claims an interest in the Property, much less the amount of any such claim.

13.  The claims deadline in this case is July 20, 2015.

14.  Therefore, PALM AVENUE objects to a hearing on this matter until the earlier of: the expiration of the claims period, or the filing of a Proof of Claim by SELECT PORTFOLIO.

### II. PALM AVENUE'S mortgage lien cannot be "stripped" or otherwise voided

15.  Notwithstanding the foregoing, PALM AVENUE'S Mortgage lien cannot be stripped, reduced, or otherwise voided.

16.  On June 1, 2015, the United States Supreme Court issued an opinion which conclusively establishes that PALM AVENUE is a secured creditor as a matter of law. *See Bank of Am., N.A. v. Caulkett*, Nos. 13-1421, 14-163, 2015 WL 2464049 (June 1, 2015).

17.  In *Caulkett*, the Court directly addressed the question of whether a junior mortgage lien that is "wholly underwater" – i.e., where the junior mortgagee "would receive nothing if the propert[y] w[as] sold today" because the property "is worth less than the amount the debtor owes on the senior mortgage" – could be stripped or voided under 11 U.S.C. § 506(d). *Id.* at *2.

18.  The Court concluded that its opinion in *Dwesnup v. Timm*, 502 U.S. 410 (1992), resolved the question. *See Caulkett*, 2015 WL 2464049, at *3-*4.

3

19.     The Court explained that *Dwesnup* "defined the term 'secured claim' in § 506(d) to mean a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim." *Caulkett*, 2015 WL 2464049, at *3 (quoting *Dwesnup*, 502 at 416).

20.     The Court continued: "*Dwesnup* construed the term 'secured claim' in § 506(d) to include any claim 'secured by a lien and . . . fully allowed pursuant to § 502.'" *Caulkett*, 2015 WL 2464049, at *4 (quoting *Dwesnup*, 502 at 417).

21.     As a result, the Court held that since "the [underwater creditor's] claims here are both secured by liens and allowed under § 502, they cannot be voided under the definition given to the term 'allowed secured claim' by *Dewsnup*." *Caulkett*, 2015 WL 2464049, at *4.

22.     Thus, *Caulkett* unambiguously holds that § 506(d) cannot be used to "strip off" an underwater junior lien.

23.     In *In re Woolsey*, the Tenth Circuit held that § 506(d) cannot be used to "strip off" an underwater second mortgage in a Chapter 13 Bankruptcy: "[W]e limit ourselves to the question the [debtors] do want us to address: did the bankruptcy and district courts err in holding that § 506(d) precluded them from removing [the creditor's underwater] lien? The answer to that narrow question, we have seen, has to be **no so long as Dewsnup remains the law**." *See* 696 F.3d 1266, 1279 (10th Cir. 2012).

24.     In reaching its holding, the Tenth Circuit rejected the debtors' argument that § 506(d) has a different meaning depending on whether one was in a Chapter 7 or a Chapter 13 Bankruptcy proceeding. *See id.* at 1274-78.

4

25.     The court stated that such an argument violates "the rule against '[a]scribing various meanings to a *single* iteration' of a statutory term in different applications." *Id.* (alteration in original) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994)).

26.     After discussing Supreme Court precedent where the Court "refused to give different meanings to a single statutory term even when the case for doing so [was] far stronger than the case the [debtors] [were] able to muster," *id.* at 1277, the Tenth Circuit held that it "[i]n light of recent and unambiguous Supreme Court precedent repudiating the interpretive move the [debtors] invite us to take, and because the [debtors] never even pause to confront this precedent, we decline to follow where they wish to lead," *id.* at 1278.

27.     In *In re Ryan*, the Seventh Circuit approved of *In re Woolsey*, and stated: "We agree with *Woolsey*, and join it in holding that the [Supreme] Court's interpretation of § 506(d) in *Dewsnup* applies in Chapter 13 cases as well." 725 F.3d 626, 628 (7th Cir. 2013).

28.     Succinctly, the Seventh Circuit stated:

> Section 506(d) [] does not distinguish claims under Chapter 7 from those under Chapter 13. The language is uniform and does not lend itself to any differential treatment, and § 103(a) renders the provision applicable to Chapter 7 and Chapter 13 without distinction. Similar to the situation in *Clark*[1], because the statute applies to Chapter 7 and Chapter 13 without distinction, to give those words a different meaning for Chapter 13 than Chapter 7 would be to invent a statute rather than interpret it.

*In re Ryan*, 725 F.3d at 672 (footnote added).

29.     According, the Seventh Circuit affirmed a bankruptcy court's determination that a debtor could not use § 506(d) to strip down a federal tax lien to only its secured component. *See id.* at 624, 628.

---

[1] *Clark v.Martinez*, 543 U.S. 317 (2005).

30. In the case at bar, DEBTORS are attempting to "strip off" PALM AVENUE'S Mortgage under § 506 on the grounds that PALM AVENUE'S "collateral consists solely of the debtor's principal residence," and that "there is no equity in the real property after payment in full of the claims secured by lien senior to that of [PALM AVENUE]," and so "the value of [PALM AVENUE'S] secured interest in the real property is $0." (D.E. 21 at ¶¶ 1, 5).

31. As *Caulkett* makes clear, § 506(d) cannot be used to "strip off" an underwater junior lien.

32. And as *Ryan*'s and *Woolsey*'s reasoning makes clear, *Caulkett*'s holding regarding § 506(d) applies to a Chapter 13 Bankruptcy.

33. Thus, as a matter of law, BLB is a secured creditor, and the Mortgage cannot be "stripped off."

34. Therefore, PALM AVENUE objects to the treatment of its claim as sought in the DEBTORS' Motion.

WHEREFORE, Secured Creditor, PALM AVENUE HIALEAH, LLC, respectfully requests that his Honorable Court enter an Order: (1) finding that PALM AVENUE is a fully secured creditor as a matter of law; (2) denying DEBTORS' request to strip-off and/or void PALM AVENUE'S Mortgage lien, or, in the alternative, continuing the hearing on this matter until the earlier of: the expiration of the claims period, or the filing of a Proof of Claim by SELECT PORTFOLIO; and granting PALM AVENUE such other and further relief as this Court deems just and proper.

CASE NO.: 15-14191-JKO

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, that I am in compliance with the qualifications to practice in this Court set forth in Local Rule 2090-1(A).

        PIEDRA & ASSOCIATES, P.A.
        201 Alhambra Circle
        Suite 1200
        Coral Gables, Florida 33134
        Telephone:   (305) 448-7064
        Facsimile:    (305) 448-7085
        Attorneys for BLB

        By: _____s/ Gregory R. Bel_____
           GREGORY R. BEL, ESQUIRE
           Florida Bar No. 45344
           gbel@piedralaw.com

CASE NO.: 15-14191-JKO

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

PIEDRA & ASSOCIATES, P.A.
201 Alhambra Circle
Suite 1200
Coral Gables, Florida 33134
Telephone:	(305) 448-7064
Facsimile:	(305) 448-7085
Attorneys for BLB

By: _____s/  Gregory R. Bel_____
GREGORY R. BEL, ESQUIRE
Florida Bar No. 45344
gbel@piedralaw.com

CASE NO.: 15-14191-JKO

**SERVICE LIST**

Electronic Mail Notice List

| | |
|---|---|
| Adam A Diaz | adiaz@shdlegalgroup.com; southerndistrict@shdlegalgroup.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Robert Sanchez | court@bankruptcyclinic.com; courtECFmail@gmail.com |
| Robin R Weiner | ecf@ch13weiner.com; ecf2@ch13weiner.com |

Manual Notice List

(No manual recipients)